James E. Cross, Esq. #009063
**THE CROSS LAW FIRM, P.L.C.**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
(602) 412-4422
jcross@crosslawaz.com
*Counsel for Debtor, HH Acquisition CS, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>HH ACQUISITION CS, LLC,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:21-bk-05211-DPC<br><br>**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: 1) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL; 2) GRANTING ADEQUATE PROTECTION TO YAM CAPITAL III, LLC; AND 3) SCHEDULING A FINAL HEARING THEREON** |

Pursuant to Code §§ 105, 361, and 363, Rules 4001 and 9014, and LBR 4001-4[1], HH Acquisition CS, LLC ("HH Acquisition" or the "Debtor"), as debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Case"), through undersigned counsel, hereby moves the Court on an emergency basis to enter an interim order ("Interim Order") substantially in the form attached hereto as **Exhibit A** (a) approving and authorizing the Debtor's immediate use of certain cash and other proceeds ("Cash Collateral") that may be subject to a lien asserted by YAM Capital III, LLC ("YAM"); (b) granting YAM adequate protection in the form of replacement liens in connection with that use of Cash Collateral; and (c) setting the date and time for a final hearing.

This Motion is brought on an emergency basis to avoid irreparable harm to the bankruptcy estate during the next three months of the Case. The Debtor seeks interim approval

---

[1] Unless otherwise indicated, all Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code"), and to the Federal Rules of Bankruptcy Procedure 1001-9037 ("Rules"), or the Local Bankruptcy Rules for the District of Arizona ("LBR").

to use Cash Collateral in accordance with the budget attached hereto as **Exhibit B** ("Budget"), pending a final hearing. The Debtor's requested relief will ensure that YAM's interests are protected while the parties work out terms for continued use of Cash Collateral beyond the interim period. Without immediate use of Cash Collateral, the Debtor's prospects for reorganization will be extinguished before this case begins.

This Motion is supported by the *Declaration of Patrick Clifton in Support of Debtor's First Day Motions* (the "Declaration") which is incorporated herein, and by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. JURISDICTION, VENUE AND BACKGROUND GERMANE TO THIS MOTION**

1. On July 6, 2021 ("Petition Date"), HH Acquisition filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor operates its business and manages its assets and affairs as a Debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate is Code §§ 105 and 363.

4. The Debtor's principal operations are located in Scottsdale, Arizona, which is located in Maricopa County. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

### YAM Loan

5. On or about October 4, 2019, HH Acquisition entered into a Promissory Note with YAM Capital III, LLC ("YAM") in the amount of $8,400,000.00, with a 9% interest rate

per annum (the "YAM Note"). The purpose of the loan was to provide bridge financing until a permanent loan could be obtained to fund the planned renovations.

6. On or about October 4, 2019, HH Acquisition entered into a Promissory Note with HH CO Springs, LLC ("HHCOS") in the amount of $1,150,000.00, with an 8% interest rate per annum (the "HHCOS Note"). The purpose of this was seller provided financing when the Debtor acquired the Property. The current amount owed this obligation is approximately $450,000.

7. HH Acquisition was able to operate the Property and made the payments on the YAM and HHCOS Notes until March 2020, when the COVID-19 pandemic caused a complete shutdown of the hospitality industry and the overall U.S. economy. As a result of the pandemic, HH Acquisition's business took a drastic downturn, and the Debtor was unable to continue making the payments on the Notes.

8. The Debtor entered into several amendments and forbearance agreements with both YAM and HHCOS during the pandemic. On November 27, 2020, the Debtor sent a notice to YAM that it desired to further extend the maturity of the Loan for an additional 90-day period. YAM did not respond to the November 27, 2020, request for extension, and sent a letter on January 8, 2021, declaring a default on the Loan.

9. The Debtor has been negotiating a sale of the Property to a third party, which sale should close in mid to late August, and which would pay both YAM and HHCOS in full, as well as provide funds to pay unsecured debt related to the Property.

10. On June 8, 2021, YAM issued its Notice Regarding Cure Statement on the YAM Note, with a trustee's sale set for July 7, 2021. The Debtor was given a deadline of July 6, 2021, at Noon to pay all outstanding amounts due on the YAM Note in the amount of $10,343,617,10. A foreclose sale on the Property was scheduled to occur at 10:00 a.m. local

3

time in Colorado Springs on July 7, 2021. The bankruptcy filing stayed the sale from going forward.

11. Without use of cash to fund its ongoing operations, the Debtor cannot operate.

## II. REQUEST FOR AUTHORIZATION TO USE CASH COLLATERAL

1. The Debtor respectfully requests this Court to authorize the Debtor to use the Cash Collateral on an interim basis and subject to the Budget[2], and set a Final Hearing on this Motion. The Debtor will adequately protect YAM for use of the Cash Collateral during this abbreviated period by: (1) continuing to make the interest-only payments due under the YAM loan from available free cash flow, and (2) granting replacement liens on similar post- petition collateral ("Adequate Protection Terms").

2. Pursuant to Code § 363(c)(2), the Court may authorize the Debtor to use the Cash Collateral as long as YAM consents or it is adequately protected. *See In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *In re Certified Corp.*, 51 B.R. 768, 770 (Bankr. D. Haw. 1985) ("It is well established that a debtor is entitled to use cash collateral upon proof of adequate protection.") The Code permits the payment of adequate protection by granting creditors any relief that will result in the realization of the "indubitable equivalent" of such entity's interest in the property. 11 U.S.C. § 361(3). While the Bankruptcy Code does not define "indubitable equivalent," courts view this provision as a "catch-all" for any other form of adequate protection. *See In re Timbers of Inwood Forest, Assocs. Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1988). In all events, adequate protection is a concept which is decided flexibly on a case-by-case basis. *See In re Martin*, 761 F.2d 472 (8th Cir. 1985).

---

[2] The Debtor may not exceed the Budgeted expenditures by more than 10% in the aggregate over the duration of the interim period without YAM's consent.

4
Case 2:21-bk-05211-DPC    Doc 18    Filed 07/08/21    Entered 07/08/21 11:14:33    Desc
Main Document    Page 4 of 12

3. Here, to the extent that the Debtor uses the funds from the accounts that may secure YAM's claim, the Debtor will grant YAM replacement liens to the same extent and priority as it currently has on any new post-petition cash and accounts. Granting replacement liens on new cash or accounts generated by the Debtor's use of Cash Collateral is a common method of providing adequate protection. *See In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 981 (Bankr. N.D. Florida, 1997); *In re Barkley AAA Investors, Ltd.*, 175 B.R. 755 (Bankr. D. Kansas 1994).

4. Without immediate and interim use of the Cash Collateral, the Debtor will not be able to pay its operating expenses and keep the hotel operating. The Debtor's operations will shut down, all ongoing business value will be lost, and unsecured creditors will lose any prospect for payment. However, because YAM is adequately protected for the use of its collateral, and where all other parties benefit from its continued operations, the Debtor requests that it be permitted to use the Cash Collateral.

5. The total of the two liens on the property total approximately $11,000,000. Prior to this bankruptcy filing, the Debtor was close to closing a sale for a price of $14,500,000 with a bona fide third-party purchaser. Now that this filing has occurred, the Debtor intends to proceed forward with a Section 363 sale.

III. **NOTICE AND REQUEST FOR FINAL HEARING**

Under Rule 4001(b)(2), the Debtor requests the Court set a date for the Final Hearing. Notice of this Motion has been given to the Office of the United States Trustee, the Debtor's secured creditors (including YAM), and its 20 largest unsecured creditors. Based on the nature of the relief requested in this Motion, the Debtor submits that no other notice need be given. Notice of a final hearing on this Motion will be provided promptly to those same parties and any creditor committee that may be formed by the time of the final hearing.

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests the Court to enter an Order in the form attached hereto as **Exhibit A**:

(a) Granting this Motion on an immediate interim basis;

(b) Authorizing the Debtor to use Cash Collateral as reflected in the Budget prior to any final hearing;

(c) Finding that the Adequate Protection Terms set forth herein adequately protect YAM's interest in the Cash Collateral;

(d) Setting a final hearing on the relief requested in this Motion; and

(e) Such other and further relief as is just and equitable under the circumstances.

DATED: July 7, 2021.

**THE CROSS LAW FIRM, P.L.C.**

/s/ *James E. Cross (009063)*
James E. Cross, Esq.
1850 N. Central Ave., Ste. 1150
Phoenix, AZ 85004
*Counsel for Debtor*

COPY of the foregoing filed via the
Court's ECF system and copies mailed/emailed
on July 7, 2021, to:

Jennifer Giaimo
OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
Email: jennifer.a.giaimo@usdoj.gov

Isaac Gabriel, Esq.
Quarles & Brady LLP
Two N. Central Ave.
Phoenix, AZ 85004
Email: Isaac.Gabriel@quarles.com
Counsel for YAM Capital III, LLC

U.S. Small Business Administration
2828 N. Central Ave., Ste. 800
Phoenix, AZ 85004

Colorado Department of Revenue
PO Box 17087
Denver, CO 80217

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Arizona Department of Revenue
P.O. Box 29086
Phoenix, AZ 85038-9086

| | |
|---|---|
| El Paso Cunty Public Trustee<br>Attn: Cindy Simpson<br>1676 Garden of the Gods Rd., Ste. 2100<br>Colorado Springs, CO  80907 | El Paso County Treasurer<br>PO Box 2018<br>Colorado Springs, CO  80901 |
| HH CO Springs, LLC<br>2000 High Wickham Place, Ste. 300<br>Louisville, KY  40245 | Hyatt House Franchising, LLC<br>Attn: General Counsel<br>150 N. Riverside Plaza<br>Chicago, IL  60606 |
| Colorado Springs Utilities<br>PO Box 340<br>Colorado Springs, CO  80901<br>Account ending 7891 | Waste Management of Colorado, Inc.<br>AS Payment Agent<br>PO Box 7400<br>Pasadena, CA  91109 |

*/s/ Kara L. Stewart*

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceedings |
|---|---|
| HH ACQUISITION CS, LLC, | Case No. 2:21-bk-05211-DPC |
| Debtor. | **INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: 1) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL; 2) GRANTING ADEQUATE PROTECTION TO YAM CAPITAL III, LLC; AND 3) SCHEDULING A FINAL HEARING THEREON** |

This matter came before the Court pursuant to the *Debtor's Emergency Motion for Entry of Interim and Final Orders: 1) Authorizing the Debtor's Use of Cash Collateral; 2) Granting Adequate Protection to yam Capital III, LLC; and 3) Scheduling a Final Hearing Thereon* ("Motion") filed by debtor and debtor-in-possession HH Acquisition CS, LLC (the "Debtor"), in which the Debtor requests the Court to enter interim and final orders under Code §§ 105, 361, and 363 approving and authorizing its immediately use of Cash Collateral in accordance with the Budget attached hereto as Exhibit A. Having reviewed the Motion, the *Declaration of Patrick Clifton in Support of Debtor's First Day Motions* filed concurrently therewith, and considered the entire record in this case, the Court finds and concludes that: (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) adequate and proper notice of the Motion

and the hearing on it has been given under the circumstances; and (vi) good and sufficient cause exists for granting the relief requested in the Motion. In light of the foregoing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an immediate interim basis.

2. The Debtor is authorized to use the Cash Collateral in accordance with the Budget attached hereto as Exhibit A.

3. The Adequate Protection Terms set forth in the Motion and the purported equity in the Property adequately protect YAM Capital III, LLC for use of the Cash Collateral.

4. A final hearing to consider the Motion is scheduled for _____ Arizona Time before this Court. Counsel for the Debtor shall promptly provide notice of the final hearing to all parties in interest. Any party in interest may file an objection to the relief sought in the Motion no later than _____.

**ORDERED, DATED, AND SIGNED ABOVE.**

# EXHIBIT B

# Period Comparison Report - Summary (11th Edition)

**Hyatt House Colorado Springs**

| | June, 2021 Primary Forecast AMT | %REV | June, 2021 Budget AMT | %REV | July, 2021 Primary Forecast AMT | %REV | July, 2021 Budget AMT | %REV | August, 2021 Primary Forecast AMT | %REV | August, 2021 Budget AMT | %REV | September, 2021 Primary Forecast AMT | %REV | September, 2021 Budget AMT | %REV | Total Primary Forecast AMT | %REV | Total Budget AMT | %REV | Variance AMT | %REV |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AVAILABLE ROOMS | 3,750 | | 3,750 | | 3,875 | | 3,875 | | 3,875 | | 3,875 | | 3,750 | | 3,750 | | 15,250 | | 15,250 | | 0 | |
| OCCUPIED ROOMS | 3,181 | | 3,500 | | 3,430 | | 3,625 | | 2,987 | | 3,500 | | 2,515 | | 2,900 | | 12,113 | | 13,525 | | -1,412 | |
| OCCUPANCY % | 84.8 | | 93.3 | | 88.5 | | 93.5 | | 77.1 | | 90.3 | | 67.1 | | 77.3 | | 79.4 | | 88.7 | | -9.3 | |
| ADR | 105.03 | | 109.00 | | 116.33 | | 124.00 | | 120.83 | | 110.40 | | 119.00 | | 107.00 | | 115.02 | | 112.95 | | 2.07 | |
| REV PAR | 89.09 | | 101.73 | | 102.97 | | 116.00 | | 93.14 | | 99.71 | | 79.81 | | 82.75 | | 91.36 | | 100.18 | | -8.81 | |
| **REVENUES** | | | | | | | | | | | | | | | | | | | | | | |
| ROOMS | 335,715 | 98.0 | 381,500 | 97.7 | 399,002 | 98.4 | 449,500 | 98.0 | 360,911 | 98.5 | 386,393 | 97.8 | 299,277 | 98.4 | 310,300 | 97.7 | 1,394,905 | 98.3 | 1,527,693 | 97.8 | -132,788 | 0.5 |
| FOOD | 1,000 | 0.3 | 2,792 | 0.7 | 500 | 0.1 | 2,777 | 0.6 | 500 | 0.1 | 2,733 | 0.7 | 400 | 0.1 | 2,292 | 0.7 | 2,400 | 0.2 | 10,594 | 0.7 | -8,194 | -0.5 |
| BEVERAGE | 2,668 | 0.8 | 2,918 | 0.7 | 2,742 | 0.7 | 2,898 | 0.6 | 2,425 | 0.7 | 2,842 | 0.7 | 2,088 | 0.7 | 2,408 | 0.8 | 9,923 | 0.7 | 11,066 | 0.7 | -1,142 | -0.0 |
| TOTAL F&B | 3,668 | 1.1 | 5,710 | 1.5 | 3,242 | 0.8 | 5,675 | 1.2 | 2,925 | 0.8 | 5,575 | 1.4 | 2,488 | 0.8 | 4,700 | 1.5 | 12,323 | 0.9 | 21,660 | 1.4 | -9,337 | -0.5 |
| OTHER INCOME | 3,257 | 1.0 | 3,450 | 0.9 | 3,329 | 0.8 | 3,450 | 0.8 | 2,707 | 0.7 | 3,000 | 0.8 | 2,418 | 0.8 | 2,650 | 0.8 | 11,711 | 0.8 | 12,550 | 0.8 | -839 | 0.0 |
| GROSS REVENUES | 342,640 | 100.0 | 390,660 | 100.0 | 405,573 | 100.0 | 458,625 | 100.0 | 366,543 | 100.0 | 394,968 | 100.0 | 304,183 | 100.0 | 317,650 | 100.0 | 1,418,939 | 100.0 | 1,561,903 | 100.0 | -142,964 | 0.0 |
| **DIRECT COSTS** | | | | | | | | | | | | | | | | | | | | | | |
| ROOMS | 97,259 | 28.4 | 110,559 | 28.3 | 100,964 | 24.9 | 107,896 | 23.5 | 98,576 | 26.9 | 104,860 | 26.5 | 86,882 | 28.6 | 90,286 | 28.4 | 383,681 | 27.0 | 413,601 | 26.5 | -29,920 | 0.6 |
| FOOD | 550 | 0.2 | 2,342 | 0.6 | 50 | 0.0 | 2,327 | 0.5 | 50 | 0.0 | 2,283 | 0.6 | 40 | 0.0 | 1,932 | 0.6 | 690 | 0.0 | 8,884 | 0.6 | -8,194 | -0.5 |
| BEVERAGE | 4,360 | 1.3 | 4,768 | 1.2 | 4,780 | 1.2 | 4,858 | 1.1 | 4,622 | 1.3 | 4,830 | 1.2 | 4,453 | 1.5 | 4,613 | 1.5 | 18,214 | 1.3 | 19,069 | 1.2 | -855 | 0.1 |
| OTHER COSTS | 4,043 | 1.2 | 4,688 | 1.2 | 4,597 | 1.1 | 4,688 | 1.0 | 4,280 | 1.2 | 4,500 | 1.1 | 4,138 | 1.4 | 4,313 | 1.4 | 17,058 | 1.2 | 18,188 | 1.2 | -1,130 | 0.0 |
| TOTAL DIRECT | 106,211 | 31.0 | 122,357 | 31.3 | 110,390 | 27.2 | 119,768 | 26.1 | 107,528 | 29.3 | 116,473 | 29.5 | 95,514 | 31.4 | 101,143 | 31.8 | 419,643 | 29.6 | 459,741 | 29.4 | -40,099 | 0.1 |
| GROSS OPERATING REVENUE | 236,429 | 69.0 | 268,303 | 68.7 | 295,183 | 72.8 | 338,857 | 73.9 | 259,016 | 70.7 | 278,495 | 70.5 | 208,669 | 68.6 | 216,507 | 68.2 | 999,296 | 70.4 | 1,102,162 | 70.6 | -102,865 | -0.1 |
| **INDIRECT COSTS** | | | | | | | | | | | | | | | | | | | | | | |
| A&G | 29,859 | 8.7 | 30,750 | 7.9 | 31,197 | 7.7 | 32,185 | 7.0 | 30,312 | 8.3 | 30,750 | 7.8 | 28,969 | 9.5 | 29,219 | 9.2 | 120,337 | 8.5 | 122,904 | 7.9 | -2,567 | 0.6 |
| INFORMATION AND TELECOMMUNICATIONS | 3,373 | 1.0 | 3,373 | 0.9 | 3,373 | 0.8 | 3,373 | 0.7 | 3,373 | 0.9 | 3,373 | 0.9 | 3,373 | 1.1 | 3,373 | 1.1 | 13,494 | 1.0 | 13,494 | 0.9 | 0 | 0.1 |
| MARKETING | 31,815 | 9.3 | 39,463 | 10.1 | 36,015 | 8.9 | 44,933 | 9.8 | 37,852 | 10.3 | 39,626 | 10.0 | 32,619 | 10.7 | 33,646 | 10.6 | 138,301 | 9.7 | 157,669 | 10.1 | -19,368 | -0.3 |
| ENERGY COSTS | 14,080 | 4.1 | 15,400 | 3.9 | 15,092 | 3.7 | 15,950 | 3.5 | 13,143 | 3.6 | 15,400 | 3.9 | 11,066 | 3.6 | 12,760 | 4.0 | 53,381 | 3.8 | 59,510 | 3.8 | -6,129 | -0.0 |
| REPAIRS & MAINT | 15,411 | 4.5 | 18,108 | 4.6 | 18,366 | 4.5 | 18,637 | 4.1 | 18,026 | 4.9 | 18,377 | 4.7 | 16,851 | 5.5 | 17,131 | 5.4 | 68,654 | 4.8 | 72,253 | 4.6 | -3,599 | 0.2 |
| TOTAL INDIRECT | 94,538 | 27.6 | 107,094 | 27.4 | 104,044 | 25.7 | 115,079 | 25.1 | 102,707 | 28.0 | 107,526 | 27.2 | 92,877 | 30.5 | 96,129 | 30.3 | 394,166 | 27.8 | 425,829 | 27.3 | -31,662 | 0.5 |
| GROSS OPERATING PROFIT | 141,891 | 41.4 | 161,208 | 41.3 | 191,139 | 47.1 | 223,777 | 48.8 | 156,308 | 42.6 | 170,969 | 43.3 | 115,792 | 38.1 | 120,378 | 37.9 | 605,130 | 42.6 | 676,333 | 43.3 | -71,203 | -0.7 |
| TOTAL MANAGEMENT FEES | 10,279 | 3.0 | 11,720 | 3.0 | 12,167 | 3.0 | 13,759 | 3.0 | 10,996 | 3.0 | 11,702 | 3.0 | 9,125 | 3.0 | 9,530 | 3.0 | 42,568 | 3.0 | 46,710 | 3.0 | -4,142 | 0.0 |
| INCOME BEFORE NON-OPERATING EXPENSES | 131,612 | 38.4 | 149,489 | 38.3 | 178,972 | 44.1 | 210,019 | 45.8 | 145,312 | 39.6 | 159,267 | 40.3 | 106,667 | 35.1 | 110,849 | 34.9 | 562,562 | 39.6 | 629,623 | 40.3 | -67,060 | -0.7 |
| **FIXED CHARGES** | | | | | | | | | | | | | | | | | | | | | | |
| CAPITAL LEASES | 35 | 0.0 | 35 | 0.0 | 36 | 0.0 | 36 | 0.0 | 35 | 0.0 | 35 | 0.0 | 29 | 0.0 | 29 | 0.0 | 135 | 0.0 | 135 | 0.0 | 0 | 0.0 |
| INSURANCE BUILDING & CONTENT | 4,167 | 1.2 | 4,167 | 1.1 | 4,167 | 1.0 | 4,167 | 0.9 | 4,167 | 1.1 | 4,167 | 1.1 | 4,167 | 1.4 | 4,167 | 1.3 | 16,667 | 1.2 | 16,667 | 1.1 | 0 | 0.1 |
| OTHER PROPERTY EXPENSE | 3,907 | 1.1 | 3,907 | 1.0 | 4,586 | 1.1 | 4,586 | 1.0 | 3,901 | 1.1 | 3,901 | 1.0 | 3,177 | 1.0 | 3,177 | 1.0 | 15,570 | 1.1 | 15,570 | 1.0 | 0 | 0.1 |
| REAL ESTATE TAXES | 13,542 | 4.0 | 13,542 | 3.5 | 13,542 | 3.3 | 13,542 | 3.0 | 13,542 | 3.7 | 13,542 | 3.4 | 13,542 | 4.5 | 13,542 | 4.3 | 54,167 | 3.8 | 54,167 | 3.5 | 0 | 0.3 |
| OTHER COSTS | 15,626 | 4.6 | 15,626 | 4.0 | 18,345 | 4.5 | 18,345 | 4.0 | 15,603 | 4.3 | 15,603 | 4.0 | 12,706 | 4.2 | 12,706 | 4.0 | 62,280 | 4.4 | 62,280 | 4.0 | 0 | 0.4 |
| TOTAL FIXED | 37,276 | 10.9 | 37,276 | 9.5 | 40,676 | 10.0 | 40,676 | 8.9 | 37,247 | 10.2 | 37,247 | 9.4 | 33,620 | 11.1 | 33,620 | 10.6 | 148,819 | 10.5 | 148,819 | 9.5 | 0 | 1.0 |
| EBITDA | 94,335 | 27.5 | 112,212 | 28.7 | 138,296 | 34.1 | 169,343 | 36.9 | 108,065 | 29.5 | 122,020 | 30.9 | 73,047 | 24.0 | 77,229 | 24.3 | 413,743 | 29.2 | 480,804 | 30.8 | -67,060 | -1.6 |
| **DEPRECIATION AND AMORTIZATION** | | | | | | | | | | | | | | | | | | | | | | |
| NET PROFIT/LOSS | 94,335 | 27.5 | 112,212 | 28.7 | 138,296 | 34.1 | 169,343 | 36.9 | 108,065 | 29.5 | 122,020 | 30.9 | 73,047 | 24.0 | 77,229 | 24.3 | 413,743 | 29.2 | 480,804 | 30.8 | -67,060 | -1.6 |
| TOTAL ROOMS | 335,715 | 98.0 | 381,500 | 97.7 | 399,002 | 98.4 | 449,500 | 98.0 | 360,911 | 98.5 | 386,393 | 97.8 | 299,277 | 98.4 | 310,300 | 97.7 | 1,394,905 | 98.3 | 1,527,693 | 97.8 | -132,788 | 0.5 |
| REVENUE - TOTAL F&B | 3,668 | 1.1 | 5,710 | 1.5 | 3,242 | 0.8 | 5,675 | 1.2 | 2,925 | 0.8 | 5,575 | 1.4 | 2,488 | 0.8 | 4,700 | 1.5 | 12,323 | 0.9 | 21,660 | 1.4 | -9,337 | -0.5 |
| REVENUE - OTHER INCOME | 3,257 | 1.0 | 3,450 | 0.9 | 3,329 | 0.8 | 3,450 | 0.8 | 2,707 | 0.7 | 3,000 | 0.8 | 2,418 | 0.8 | 2,650 | 0.8 | 11,711 | 0.8 | 12,550 | 0.8 | -839 | 0.0 |
| ROLLUP - GROSS REVENUE | 342,640 | 100.0 | 390,660 | 100.0 | 405,573 | 100.0 | 458,625 | 100.0 | 366,543 | 100.0 | 394,968 | 100.0 | 304,183 | 100.0 | 317,650 | 100.0 | 1,418,939 | 100.0 | 1,561,903 | 100.0 | -142,964 | 0.0 |